# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEPHANIE CHAPMAN,**
**Claimant Below, Petitioner**

vs.)    **No. 16-1071** (BOR Appeal No. 2051219)
(Claim No. 2014032254)

**PENN NATIONAL GAMING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephanie Chapman, by Christopher J. Wallace her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Penn National Gaming, Inc., by Stephen M. Mathias its attorney, filed a timely response.

The issue on appeal is two-part. The first issue is whether lateral epicondylitis of the right elbow should be held a compensable component of the claim, and the second is whether the request for consideration of an MRI of the right elbow should be granted. This appeal originated from two separate claims administrator's decisions dated January 18, 2016, which denied the request to add lateral epicondylitis, right elbow to the claim and denied the request for an MRI of the right elbow, respectively. In its March 30, 2016, Order, the Workers' Compensation Office of Judges affirmed the decisions. The Board of Review's Final Order dated October 24, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Stephanie Chapman, a table games dealer, injured her shoulder in the course of her employment on April 29, 2014, when she tripped over a money box, catching herself with her right arm on a table. Ms. Chapman proceeded to the emergency room for treatment and it was determined that she sustained an occupational injury of right shoulder strain. X-rays reported no

1

evidence of acute fracture or dislocation. Ms. Chapman sought treatment of her compensable injury from John Buschman, D.O. Initially, Ms. Chapman underwent physical therapy treatments. However, she continued to have significant shoulder pain. Dr. Buschman assessed right shoulder strain with rotator cuff tendinitis and possible rotator cuff tear. Ms. Chapman underwent an MRI of the right shoulder on July 31, 2014, and the results suggested tendinitis. On July 31, 2014, the claims administrator held the claim compensable for sprain/strain of the right rotator cuff.

Ms. Chapman continued to suffer pain in her right shoulder and in December of 2014, underwent an MRI with a gadolinium arthrogram which revealed the long head of the biceps was subluxed in the bicipital groove. On January 30, 2015, Ms. Chapman underwent an independent medical evaluation performed by Michael Stowell, M.D. Dr. Stowell reviewed the recent MRIs and noted that Dr. Buschman's recommendation was arthroscopy with biceps tenodesis. Dr. Stowell did not find it likely that Ms. Chapman subluxed her biceps tendon. He did opine that Ms. Chapman's symptoms were a direct result of her work incident and that all treatment to date had been reasonable and appropriate. Dr. Stowell did not believe that Ms. Chapman had reached her maximum medical improvement. Dr. Stowell concurred with Dr. Buschman that an arthroscopic evaluation of the right shoulder is reasonable, and if the biceps tendon was proven to be inflamed or subluxed, then he would also agree with tenodesis or tenotomy. If the procedures were successful, Dr. Stowell opined that he would be optimistic that Ms. Chapman could return to unrestricted activities within three months. Therapy afterwards would be warranted.

Ms. Chapman underwent an arthroscopy of her right shoulder performed by Dr. Buschman on March 16, 2015. Ms. Chapman underwent physical therapy treatments and reported to Dr. Buschman for a follow-up on August 26, 2015. Ms. Chapman stated that her shoulder was still hurting on occasion. Dr. Buschman opined that he had exhausted all treatment options for the shoulder and that Ms. Chapman had reached maximum medical improvement.

On October 7, 2015, Ms. Chapman was evaluated by Dr. Stowell for a follow-up to his prior independent medical evaluation. At that time, Ms. Chapman complained of pain in her elbow. Prior to her surgery, the pain was around the deltoid area. This pain seemed to have subsided and was replaced by significant pain in the lateral side of the right elbow. Dr. Stowell opined that Ms. Chapman had developed lateral epicondylitis of the right elbow since returning to work. Dr. Stowell did not believe that the condition was related to the original compensable injury in the absence of documentation of a specific traumatic event. Dr. Stowell noted that the original injury was a biceps tendon subluxation that appears to have been successfully treated. He opined that Ms. Chapman had reached maximum medical improvement regarding the compensable injury.

Ms. Chapman continued to suffer pain in her right elbow and returned to Dr. Buschman for treatment on October 28, 2015. She told Dr. Buschman that she believed her elbow pain came about because she has been favoring her right arm while it has been healing from her shoulder surgery. Ms. Chapman denied any specific injuries or inciting events. Dr. Buschman assessed right elbow lateral epicondylitis. Ms. Chapman continued to see Dr. Buschman for

treatment over the following months regarding her right elbow pain. Dr. Buschman attempted conservative treatment including steroid injections and physical therapy. When nothing seemed to alleviate the pain, Dr. Buschman recommended an MRI of the right elbow to see if there was a possible tear in the tendon. Dr. Buschman completed a Diagnosis Update on December 27, 2015, in an attempt to have lateral epicondylitis of the right elbow added as a compensable condition in the claim. In response to the question asking for clinical findings, Dr. Buschman wrote "See notes attached." The notes attached were treatment records of Ms. Chapman by Dr. Buschman over the course of the past few months, including the appointment wherein Ms. Chapman stated she felt her elbow pain was a result of favoring her right shoulder. However, no other explanation was provided on the Diagnosis Update form.

An MRI of the right elbow was performed and paid for under Ms. Chapman's private health insurance plan. On January 8, 2016, Dr. Buschman evaluated Ms. Chapman and stated that the MRI revealed evidence of a high grade tear of the common extensor tendon off the lateral epicondyle with some associated edema. Dr. Buschman felt that surgical intervention would be beneficial for Ms. Chapman in the form of lateral epicondyle debridement with tendon re-attachment.

On January 18, 2016, the claims administrator issued two separate decisions denying right elbow lateral epicondylitis as a compensable condition of the claim and denying the request for an MRI of the right elbow. Ms. Chapman timely appealed and subsequently testified in an expedited hearing before the Office of Judges on March 11, 2016. Ms. Chapman testified about injuring her right shoulder and her subsequent treatment. She stated that she is right-handed and had to change the mechanics of how she performed her work duties once she returned to work. She started keeping her arm closer into her body and used the leverage from her elbow more so than spreading it out. The motion was not coming from her shoulder. Ms. Chapman stated that she would do everything she could to keep her shoulder from being involved to the extent she could when using her right arm, including anytime she was lifting, dealing cards, or running the roulette table. Ms. Chapman testified that she favored her right shoulder and by doing so, she was using her elbow, arms, and wrists to carry the load. The pain would start at the back of her elbow and come up across the elbow then around to her mid forearm. At first, Ms. Chapman believed she had pulled something but then the pain continued to worsen with repeated motion bringing on the pain. In Ms. Chapman's lifetime, including the three years she worked before the injury, she never had right elbow symptoms until after she went back to work following the shoulder injury and surgery. She testified that Dr. Buschman stated to her that using the elbow instead of her shoulder was what was causing her pain.

On March 30, 2016, the Office of Judges determined that while it is Ms. Chapman's contention that she developed lateral epicondylitis of the right elbow after returning to her employment, the medical evidence is insufficient to warrant adding the diagnosis to the claim. Ms. Chapman testified that Dr. Buschman indicated to her that he believed favoring her right shoulder was causing her elbow pain. However, on the Diagnosis Update form Dr. Buschman did not include any notes or clinical findings. Attached were medical records of Ms. Chapman's treatment of her right elbow pain, including the record demonstrating that Ms. Chapman informed Dr. Buschman that she believed that her right elbow pain was a result of favoring her

right shoulder. The Office of Judges determined that the attached medical records did not contain statements by Dr. Buschman indicating that his clinical finding is that the diagnosis of right elbow lateral epicondylitis is related to Ms. Chapman's employment. The Office of Judges noted that the Diagnosis Update form requests clinical findings concerning the basis for the diagnosis and for the physician to advise how the condition relates to the compensable injury. The Office of Judges found that Dr. Buschman's attachment of medical records did not contain sufficient evidence to support adding the requested diagnosis to the claim or provide an explanation of how the requested diagnosis is causally related to the compensable injury. The Office of Judges concluded that lateral epicondylitis is not a compensable condition in the claim. Medical records show that both Dr. Stowell and Dr. Buschman have opined that Ms. Chapman has reached maximum medical improvement regarding the compensable shoulder strain. Further, Dr. Stowell has opined that the diagnosis of lateral epicondylitis is unrelated to the compensable injury. Regarding the request for an MRI of the right elbow, the Office of Judges stated that Dr. Buschman requested this treatment for the right elbow. The medical records indicate that the treatment plan is to obtain an MRI of the right elbow for further evaluation to see if there is a poissible tear. Based upon the preponderance of the evidence, the Office of Judges found that Ms. Chapman failed to show that denying the request for an MRI was in error as lateral epicondylitis was found to not be a compensable condition in the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 24, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Chapman failed to meet her burden establishing that the diagnosis of lateral epicondylitis was a result of her compensable injury. Dr. Stowell opined that the condition was unrelated. Dr. Buschman failed to provide sufficient reasoning or medical evidence establishing that Ms. Chapman developed the condition in the course of and as a result of her compensable injury. Therefore, the medical evidence of record is insufficient to show lateral epicondylitis should be added as a compensable component of the claim. As it is not an accepted diagnosis, the MRI for the right elbow is also denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis

4

Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum